Affirmed and Memorandum Opinion filed July 24, 2008








Affirmed and Memorandum Opinion filed July 24, 2008.

 

In The

Fourteenth Court of
Appeals

 

____________

 

NO. 14-07-00374-CR

____________

 

RISAYA THOMPSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th
District Court

Harris County, Texas

Trial Court Cause No. 1102276

 



 

M E M O R A N D U M   O P I N I O N

Appellant Risaya Thompson appeals from his conviction for
capital murder.  In his sole issue, appellant claims his Sixth Amendment right
to confrontation was violated when the trial court admitted into evidence a
videotape containing testimonial hearsay.  We affirm.








Appellant, along with Deaundre ADre@ Randall, Deandre AHouse@ Humphry, and two
other males, lured Alex Mitchell, the complainant, into an abandoned house. 
After beating Mitchell with bats and sticks and taking Mitchell=s wallet and cell
phone, appellant and the other males put Mitchell into the trunk of Mitchell=s car.  The group
drove the car to a wooded area, poured gasoline on the car, and set it on fire
with Mitchell still in the trunk.  Mitchell died from a combination of smoke
inhalation and blunt head trauma.  Police began an investigation after finding
the burning vehicle and Mitchell=s body.

Several days after the incident, appellant voluntarily
talked to the police.  Initially, appellant denied any involvement in the
crime, but after being told that Dre, who had been taken into custody at that
point, and House had implicated appellant, appellant voluntarily gave a
statement regarding his participation in the crime.  This statement was
videotaped and later played into evidence at appellant=s trial.  A jury
convicted appellant of capital murder and sentenced him to life in prison.  








In a single issue on appeal, appellant complains the trial
court erred by overruling appellant=s objection and
admitting hearsay testimony in the videotape because it violated his Sixth
Amendment right to confrontation.  The Sixth Amendment to the United States
Constitution provides that, A[i]n all criminal prosecutions, the
accused shall enjoy the right . . . to be confronted with the witnesses against
him.@  U.S. Const. amend. VI.  Under the
Confrontation Clause, a Atestimonial@ hearsay statement
may not be admitted in evidence against an accused unless the declarant is
unavailable and the accused had a prior opportunity to cross‑examine
him.  Crawford v. Washington, 541 U.S. 36, 68 (2004).  A violation of
the Confrontation Clause is subject to harmless error analysis.  Delaware v.
Van Arsdall, 475 U.S. 673, 684 (1986).  This court should reverse a
trial court=s judgment only if it determines beyond a reasonable
doubt that the error contributed to the conviction or punishment.  Tex. R. App. P. 44.2(a); Clay v.
State, 240 S.W.3d 895, 904 (Tex. Crim. App. 2007).  In our assessment of
the likelihood that, absent the trial court=s error, the jury
verdict as to appellant=s conviction would have been the same, we
must consider the entire record.  Neder v. United States, 527 U.S. 1, 15B16 (1999).  Among
the factors, as revealed by the record, that we must consider are (1) the
importance of the hearsay evidence to the State=s case, (2)
whether the hearsay evidence was cumulative of other evidence, (3) the presence
or absence of other evidence corroborating or contradicting the hearsay
evidence on material points, and (4) the overall strength of the State=s case.  Davis
v. State, 203 S.W.3d 845, 852 (Tex. Crim. App. 2006). 

Appellant specifically complains about hearsay statements
in the videotaped interview, made by the police officer interviewing appellant,
that Dre and House had implicated appellant as having participated in the
entire crime.  Appellant claims that because Dre and House did not testify at
trial, he was unable to confront the witnesses against him, and thus the trial
court should have excluded the portion of the video containing these
statements.[1] 
The State argues that regardless of whether the trial court erred in admitting
the statements, the error was harmless.  We agree.








Setting aside the interviewing officer=s statements
regarding what Dre and House allegedly said, the State presented compelling
evidence regarding appellant=s involvement in the murder.  The
videotaped interview, during which appellant confessed in detail to his part in
committing the murder, was played for the jury.  Appellant told the
interviewing officer that he helped beat the complainant with a stick, drove
around with Dre and House to obtain the gas, and was there when the gas was
poured on the car and the car was set on fire with the complainant in the
trunk.  The State also submitted into evidence letters appellant wrote family members
while in jail, admitting that he beat the complainant in the ribs and head with
a stick, poured gasoline on the car, and set the car on fire with the
complainant in the trunk.  Finally, Shabrina Hall, a fourteen year old girl who
was mutual friends with some of appellant=s friends,
testified that the day after the murder she heard appellant say, AWe just got
through killing this nigga named AJ, Alex,@ and AWe burned him in
the trunk of his car.@  From this evidence, it is clear that the
hearsay statements established little, if anything, negative about appellant
that was not also well established by properly admitted evidence.  Viewing the
record in its entirety, we are persuaded beyond a reasonable doubt that the
admission of the complained of statements did not contribute to the conviction
or punishment.  See Davis, 203 S.W.3d at 852B56 (concluding
that erroneous admission of testimonial hearsay was harmless because properly
admitted evidence still proved elements of offense charged); Dixon v. State,
244 S.W.3d 472, 487 (Tex. App.CHouston [14th Dist.] 2007, pet. ref=d) (holding that
in light of compelling evidence properly before jury, no reasonable probability
existed that testimonial statements moved jury from state of non‑persuasion
to one of persuasion regarding appellant=s punishment).  We
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed July 24, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Appellant claims that alternatively, the trial court erred by not
giving a limiting instruction to the jury prior to playing the video.  However,
because appellant failed to request a
contemporaneous limiting instruction at trial, he has not preserved error with
respect to this argument.  See Tex. R. App. P. 33.1.  Therefore, we
address only his argument regarding the overruling of his Confrontation Clause
objection.